**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **Matthew Hershberger** | **CIVIL ACTION NO.** |
| **VERSUS** | **SECTION:** |
| **Blessey Marine Service, Inc. and Blessey Marine, Inc.** | **JUDGE** |
| | **MAGISTRATE** |

<u>**SEAMAN'S COMPLAINT FOR DAMAGES**</u>

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Matthew Hershberger ("Plaintiff"), a person of full age of majority, respectfully represents upon information and belief as follows:

1.

Plaintiff is a 31-year-old resident of Ocala, Florida, who is married and has a three-year-old daughter. He files this Seaman's Complaint for Damages because he sustained significant injuries while working as a Jones Act seaman for Defendants. He remains under medical treatment for his injuries. Defendants are responsible for Plaintiff's losses and injuries under the Jones Act and General Maritime Law.

2.

Defendants, Blessey Marine Service, Inc. and Blessey Marine, Inc., are corporations organized and existing under the laws of the State of Louisiana, and who can be found for Jones Act venue purposes within this judicial district. Defendants' principal place of business is in Harahan, Louisiana. Defendants have designated Patrick W. Voss, 1515 River Oaks Road East, Harahan, Louisiana 70123, as their agent for service of process.

3.

Defendants are indebted unto Plaintiff for all damages to which he is entitled to receive as prayed for herein, together with legal interest from the date of judicial demand until paid and for all costs of these proceedings for the following, non-exclusive, acts of negligence and unseaworthiness, as set forth in this complaint:

4.

Defendants are answerable for Plaintiff's losses and injuries under the Jones Act and General Maritime Law.

5.

Jurisdiction and venue are proper before this Court based upon the Jones Act, 46 U.S.C. 30104 et seq. and General Maritime Law.

6.

Defendants are engaged in a systematic and regular course of business within this district and within the jurisdiction of this Honorable Court. Defendants' principal place of business is in Harahan, Louisiana, within the Eastern District of Louisiana.

7.

On or about May 22, 2026, Plaintiff was employed by Defendants as a Jones Act seaman aboard the M/V JACOB GARCIA. Plaintiff had worked for Defendants for approximately six years prior to the incident, on a twenty-one days on, ten days off schedule.

8.

At all pertinent times hereto Defendants owned and/or operated a fleet of vessels, including the M/V JACOB GARCIA and the tank barge WEB 233 ("the Vessels"), on the inland rivers of the United States and within the State of Louisiana.

9.

The work Plaintiff performed aboard the Vessels was in furtherance of their mission.

10.

Plaintiff was injured on May 22, 2026, in the afternoon, while working as a crewmember in the service of the Vessel and its tow, which were mooring at the Alliance Terminal in Gretna, Louisiana. Specifically, Plaintiff was on the tank barge WEB 233 that was in tow and was working to release a wire from a barge mooring winch when the winch suddenly, and without warning, struck Plaintiff's left hand and wrist. There was substantial delay in getting Plaintiff off the Vessels following the incident. Plaintiff was ultimately transported by ambulance to Ochsner Hospital, where he was hospitalized for approximately seven days and underwent surgery to his hand.

11.

Because of the negligence of Defendants and the unseaworthiness of the Vessels, including the failure to provide a safe place in which to work, Matthew Hershberger was injured. Plaintiff sustained a broken hand with a displaced metacarpal fracture and a broken wrist, resulting in nerve and tendon damage. Hardware including screws and a plate were surgically installed. Plaintiff continues to suffer substantial deficits in the movement and use of his hand, substantial pain, and remains under active medical treatment.

12.

The sole and proximate cause of the above-described accident and the resulting injuries Plaintiff sustained were the carelessness, recklessness, negligence, and unseaworthiness of Defendants, their agents, and employees, in the following non-exclusive respects:

1. Breach of a legally imposed duty of reasonable care owed by Defendants to the Plaintiff;

2. Failure to provide Plaintiff with a seaworthy vessel;

3

3. Failure to provide Plaintiff with a safe place to work;

4. Failure to ensure that the mooring winch aboard the Vessels were properly maintained and in good operating order;

5. Providing a defective mooring winch;

6. Failure to ensure that the mooring winch was operated and maintained in accordance with the manufacturer's specifications;

7. Failure to properly train and supervise Plaintiff and the Vessels' crew;

8. Failure to ensure that Plaintiff and other crew members were sufficiently familiarized with and trained on the use of the specific type of mooring winch involved in the incident, in accordance with the manufacturer's and/or Defendants' specifications or recommendations;

9. Conducting an unsafe mooring operation that was not performed in accordance with good marine practice or Defendants' own policies and procedures;

10. Failure to take any means or precautions for the safety of Defendants' employees, including Plaintiff;

11. Failure to provide minimum safety requirements;

12. Failure to provide adequate equipment for the job in question;

13. Failure to provide adequate personnel for the job in question;

14. Failure to provide adequate personnel for the vessel;

15. Failure to promptly dispatch medical response for Plaintiff;

16. Failure to comply with internal company policies and procedures;

17. Failure to comply with industry and federal safety recommendations;

4

18. Other acts of negligence and unseaworthiness which will be shown at the trial of this matter.

13.

Upon information and belief, the accident and injuries to Plaintiff were not caused or contributed to by any of his own fault or want of care.

14.

As a direct result of the negligence of Defendants and the unseaworthiness of the Vessel, Plaintiff, Matthew Hershberger, is entitled to recover from Defendants reasonable and just compensatory, special, and general damages as prayed for herein and to be awarded by this Honorable Court in the following non-exclusive respects:

1. Past, present and future physical, mental, and emotional pain and suffering;

2. Past, present and future loss of wages, fringe benefits and wage earning capacity;

3. Past and future physical disability;

4. Past, present and future medical expenses; and

5. All other special and general damages as will be shown at the trial of this matter.

15.

According to the General Maritime Law of the United States, Defendants have and will continue to have the absolute and nondelegable duty to provide Plaintiff with maintenance and cure benefits from the date he was rendered unfit for duty until maximum cure is achieved.

16.

As a result of the aforementioned accident, Plaintiff was rendered unfit for and presently remains unfit and incapable of returning to duty as a seaman.

17.

Therefore, Plaintiff prays for the payment of past, present and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which Plaintiff is entitled. Should Defendants fail to honor their maintenance and cure obligation, then Plaintiff is entitled to attorney's fees, punitive damages and an additional compensatory award for any acts of negligence on the part of Defendants which would result in a deterioration of the Plaintiff's medical condition.

18.

Plaintiff prays for a trial by jury on all issues raised herein.

WHEREFORE, Plaintiff prays that Defendants, Blessey Marine Service, Inc. and Blessey Marine, Inc., be duly cited to appear and answer this Complaint and after the legal delays and due proceedings had, there be Judgment herein in favor of the Plaintiff, Matthew Hershberger, and against Defendants for all damages to which the Plaintiff is entitled to recover for the reasons set forth herein, together with legal interest thereon from date of judicial demand until paid, for payment of all costs, including expert fees, and for all other general and equitable relief.

FURTHERMORE, Plaintiff prays that Defendants, Blessey Marine Service, Inc. and Blessey Marine, Inc., be cast in judgment in favor of the Plaintiff for past, present, and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which Plaintiff is entitled by law and penalties and additional damages if applicable.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

Respectfully submitted,

**ADAM DAVIS LAW FIRM**

BY:   *s/ Adam Neely Davis*
Adam Neely Davis (Bar No. 35740)
Michelle Pare Ricca (Bar No. 41385)
22398 LA 435
Abita Springs, Louisiana 70420
Telephone: 504 553 1435
Facsimile: 504 553 1439
Email: ad@adamdavislawfirm.com
michelle@adamdavislawfirm.com

ATTORNEYS FOR MATTHEW
HERSHBERGER

7